IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01407-BNB-MEH

BART D. KIMBER,

Plaintiff,

v.

DR. DONALD C. WINTER, Secretary of the Navy,

Defendant.

_____

**ORDER**
_____

This matter arises on **Defendant's Motion to Dismiss or In the Alternative to Transfer for Improper Venue** [Doc. # 8, filed 10/03/2008] (the " Motion"). The Motion is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

The plaintiff filed his Title VII Complaint on July 3, 2008 [Doc. #1] (the "Complaint"). The plaintiff alleges that he was discriminated against while employed by the United States Navy at Camp Pendleton, California. He alleges violations of 42 U.S.C. § 2000e *et seq.* ("Title VII") for gender-based discrimination and hostile environment.

The defendant moves to dismiss the Complaint pursuant to Rule 12(b)(3), Fed.R.Civ.P., or in the alternative, to transfer the case to the United States District Court for the Southern District of California pursuant to Title VII's venue provision. Title VII's venue provision states in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the

> judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

"It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions." Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1191 (10th Cir. 1998).

Here, the Complaint states that the alleged unlawful employment practices took place at "Camp Pendleton Marine Corps Base, California." The Complaint does not allege that any of the discriminatory acts took place in Colorado. Thus, under the first option for finding venue under Title VII, venue is proper in the Southern District of California, not in Colorado.

The plaintiff's Official Personnel Folder was located in the Human Resources Service Center-Southwest in San Diego, California. *Motion*, Ex. A-1, ¶ 4. Upon termination of the plaintiff's employment, the folder was forwarded to the National Archives & Records Administration in St. Louis, Missouri. Id. The plaintiff's payroll records were maintained by the Department of Accounting and Financing Service in Cleveland, Ohio. Id. at ¶ 5. Information regarding his previous occupied position is maintained at the Marine Corps Human Resource Office-Southwest, Camp Pendleton, California. Id. at ¶ 6. There is no evidence in the record which demonstrates that any of the plaintiff's employment records are maintained and administered in Colorado. Therefore, under the second option for finding venue under Title VII, venue is not proper in Colorado; it is proper in the appropriate districts in Missouri, Ohio, or California.

Under the third option for venue under Title VII, venue is found where the plaintiff would have worked but for the alleged unlawful employment practice. The plaintiff alleges that he was terminated from his firefighter position at Camp Pendleton. *Complaint*, pp. 6, 8.[1] Thus, it appears that had there been no discriminatory actions against him, he would still be working at Camp Pendleton in California. There is no evidence in the record that the plaintiff would have worked in Colorado but for the alleged discrimination.

The fourth venue option provides that if the respondent is not found in any of the previous districts, an action may be brought within the judicial district in which the respondent has its principal office. There is no evidence in the record that the respondent cannot be found in Missouri, Ohio, or California, nor is there any evidence to show that the respondent's principal place of business is Colorado.

In his response to the Motion, the plaintiff argues that venue is proper in Colorado because he was still employed by the United States Navy when he moved to Colorado, and "[t]his is where several incidents of reprisal and other offences occurred, including wrongful termination." *Plaintiff's Request to Deny Defendants' Motion to Dismiss or in the Alternative to Transfer to an Alternate Venue* [Doc. #26] (the "Response"), p. 1. The Response is not sworn, and the plaintiff has not presented an affidavit or other evidence to support his argument that any of the alleged discrimination took place in Colorado. Moreover, his argument is contrary to the allegations of the Complaint, wherein he states that "[t]he alleged unlawful employment

---

[1] The Complaint is not consecutively paginated. I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

3

practices took place at . . . Camp Pendleton Marine Corps Base, California." *Complaint*, p. 1, ¶ 5.

The plaintiff requests that the case remain in Colorado because it would cause him financial hardship to bring this case in California; it would be unfair to him; and more of his witnesses will have to "travel from different locations." However, these factors are not considerations when determining venue under Title VII.

Venue is not proper in Colorado.

IT IS ORDERED that the Motion is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE.

Dated August 19, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge