IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01407-BNB-MEH

BART D. KIMBER,

Plaintiff,

v.

DR. DONALD C. WINTER, Secretary of the Navy,

Defendant.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Transfer for Improper Venue** [Doc. # 34, filed 09/18/2009] (the " Motion"). The Motion is DENIED.

The plaintiff filed his Title VII Complaint on July 3, 2008 [Doc. #1] (the "Complaint"). The plaintiff alleges that he was discriminated against while employed by the United States Navy at Camp Pendleton, California. He alleges violations of 42 U.S.C. § 2000e *et seq.* ("Title VII") for gender-based discrimination and hostile environment.

The defendant moved to dismiss the Complaint pursuant to Rule 12(b)(3), Fed. R. Civ. P., or in the alternative to transfer the case to the United States District Court for the Southern District of California pursuant to Title VII's venue provision.

On August 19, 2009, I found that venue was not proper in Colorado, and I ordered that the Complaint be dismissed without prejudice [Doc. #33]. The plaintiff filed the instant Motion on September 18, 2009. He requests that "the Court . . . modify its Order and Judgment" and transfer his case to the United States District Court for the Southern District of California.

I construe the Motion as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(a) provides relief from an order for clerical mistakes. Rule 60(b) provides that on motion and upon such terms are just, the court may relieve a party from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied , released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b)(6) "gives the court a grand reservoir of equitable power to do justice in a particular case," In re Gledhill, 76 F.3d 1070, 1080 (10th Cir.1996) (quoting Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975)). However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996).

The plaintiff's states only the following in support of his Motion: "Please grant this Motion as I cannot find legal guidance, and I don't have the financial resources, the procedural knowledge, or the mental resilience to re-file this complaint in California." The plaintiff has failed to establish the extraordinary circumstances necessary to warrant relief under Rule 60. Accordingly,

IT IS ORDERED that the Motion is DENIED.

Dated September 23, 2009.

                BY THE COURT:

                 s/ Boyd N. Boland
                United States Magistrate Judge