IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01407-BNB-MEH

BART D. KIMBER,

Plaintiff,

v.

DR. DONALD C. WINTER, Secretary of the Navy,

Defendant.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Relief from the Order of the Court Dated September 23, 2009 Request to Transfer** [Doc. # 37, filed 10/02/2009] (the "Motion"). The Motion is DENIED.

The plaintiff filed his Title VII Complaint on July 3, 2008 [Doc. #1] (the "Complaint"). The plaintiff alleges that he was discriminated against while employed by the United States Navy at Camp Pendleton, California. He alleges violations of 42 U.S.C. § 2000e *et seq.* ("Title VII") for gender-based discrimination and hostile environment.

The defendant moved to dismiss the Complaint pursuant to Rule 12(b)(3), Fed. R. Civ. P., or in the alternative to transfer the case to the United States District Court for the Southern District of California pursuant to Title VII's venue provision [Doc. #8]. In his response to the defendant's motion, the plaintiff argued that the case should remain in Colorado [Doc. #26]. He argued strenuously against transferring the case to California, stating that "[e]ntering California

Courts again is tantamount to entering the 'Lion's Den' for me, my psyche, and the prospects for success . . . ."

On August 19, 2009, I found that venue was not proper in Colorado, and I ordered that the Complaint be dismissed without prejudice [Doc. #33]. The plaintiff filed a motion on September 18, 2009, requesting that "the Court . . . modify its Order and Judgment" and transfer his case to the United States District Court for the Southern District of California [Doc. #34]. The plaintiff stated only the following in support of his motion: "Please grant this Motion as I cannot find legal guidance, and I don't have the financial resources, the procedural knowledge, or the mental resilience to re-file this complaint in California."

I construed the Motion as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, and I found that the plaintiff had failed to establish the extraordinary circumstances necessary to warrant relief under Rule 60[1] [Doc. #36].

---

[1] Rule 60(b) provides that on motion and upon such terms are just, the court may relieve a party from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied , released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The plaintiff subsequently filed the instant Motion. He requests that I reconsider my order denying his request for relief under Rule 60 and transfer the case to California. In support of his request, he argues the merits of his case; he argues that a transfer would protect his interest in justice "by remaining compliant with the statute of limitations"; and he argues that a transfer would benefit him financially. He states that he was unable to make these arguments previously because he is proceeding pro se and is taking medications for depression.

The plaintiff does not explain why these conditions prevented him from making his arguments previously, but do not prevent him from asserting them now. Moreover, the plaintiff does not demonstrate that he has been incapacitated by depression and/or medications. To the contrary, the record shows that the plaintiff initiated this case; filed several motions; timely responded to the defendant's motion to dismiss; and filed two post-dismissal motions.

Finally, a motion for reconsideration and a successive Rule 60(b) motion are not appropriate when the movant seeks to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted). The plaintiff's Motion reiterates arguments already made and advances arguments that could have been raised previously.

IT IS ORDERED that the Motion is DENIED.

---

Rule 60(b)(6) "gives the court a grand reservoir of equitable power to do justice in a particular case," In re Gledhill, 76 F.3d 1070, 1080 (10th Cir.1996) (quoting Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975)). However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996).

Dated October 8, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge